**FILED**

April 15, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
                    DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BEATRIZ AGUILA BRITO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. SA-26-CV-340-OLG |
| | § | |
| MARKWAYNE MULLIN *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

<u>**ORDER**</u>

Before the Court is the status of this habeas proceeding, in which Respondents filed a Motion for Reconsideration (Dkt. No. 10) in light of recent controlling authority—*Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Because the Court previously granted habeas relief on the statutory grounds asserted in the Petition and, thus, did not consider Petitioner's due process basis for relief, the Court will amend its Order (Dkt. No. 7), issued February 6, 2026, and dismiss the Motion (Dkt. No. 10) as moot.

Petitioner is a citizen of Cuba, who entered the United States without inspection on February 3, 2022. *See* Dkt. No. 1 at 5. At that time, she was detained, processed by ICE, and then released into the United States. *Id.* Petitioner was encountered by ICE during a routine check-in on August 5, 2025, *id.*, and is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the administrative finality of her removal proceedings. *See* Dkt. No. 10-2.

On February 6, 2026, the Court granted the Petition based on Petitioner's statutory-based challenge to her detention, finding that she was not subject to mandatory detention under § 1225(b) and therefore requiring that she be given a bond hearing pursuant to § 1226(a) or released. *See*

---

[1] Markwayne Mullin became the Secretary of the Department of Homeland Security on March 24, 2026. Todd Blanche became the Acting Attorney General on April 2, 2026. As a result, they are automatically substituted as Respondents in this action. *See* FED. R. CIV. P. 25(d).

Dkt. No. 7. On February 13, 2026, Respondents filed the Motion presently pending before the Court. *See* Dkt. No. 10. On February 20, 2026, Respondents released Petitioner in accordance with the Court's order. *See* Dkt. No. 11-1. Upon consideration, the Court will now address Petitioner's outstanding due process claim pursuant to Rule 54. *See* FED. R. CIV. P. 54(b) (providing that a final order, "however designated, that adjudicates fewer than all the claims . . . does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims"). Petitioner is entitled to relief on the constitutional grounds asserted in the Petition. *See Sanchez v. Noem*, No. 25-CV-403-DCG, 2026 WL 596133, at *8 (W.D. Tex. Mar. 2, 2026) (explaining that *Buenrostro-Mendez* "does not control whether Respondents are detaining Petitioner in violation of the Constitution").

"Noncitizens are entitled to due process of the law under the Fifth Amendment." *Ochoa v. Vergara*, --- F. Supp. 3d ---, No. 26-CV-266-RP, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025)). "[G]overnment detention violates th[e Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and narrow nonpunitive circumstances, . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Accordingly, if Petitioner has a constitutionally protected liberty interest in residing freely within the United States despite her status as an applicant for admission, then Respondents may not detain her during the pendency of her removal proceedings—notwithstanding the applicable mandatory detention provision in § 1225(b)—unless Respondents' "special justification" for doing so "outweighs" her liberty interest. *See id.*

2

Petitioner has a constitutionally protected liberty interest in residing freely within the United States during the pendency of her removal proceedings because she "has lived in the United States for over [three] years, with [much of that time] occurring with the express permission of DHS while [she] was subject to supervised release pending the resolution of [her] removal proceedings." *Bonilla Chicas v. Warden*, --- F. Supp. 3d. ---, No. 26-CV-131, 2026 WL 539475, at *6 (S.D. Tex. Feb. 20, 2026); *see Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government." (citing *Lopez-Arevelo*, 801 F. Supp. 3d at 685–86)). Her "interest in being free from imprisonment" is "the most significant liberty interest there is." *Bonilla Chicas*, 2026 WL 539475, at *10 (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). Indeed, "liberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982)). Thus, not only does this factor clearly weigh in Petitioner's favor, but it "deserves great weight and gravity." *Ochoa*, 2026 WL 482211, at *3 (quoting *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 701 (W.D. Tex. 2025)). Accordingly, Respondents' "special justification" must "outweigh" Petitioner's very weighty liberty interest. *See Zadvydas*, 533 U.S. at 690.

Although the Government has a general interest in enforcing immigration laws, the INA is subservient to the Constitution's protections. *See, e.g., Counselman v. Hitchcock*, 142 U.S. 547, 565 (1892) ("Legislation cannot detract from the privilege afforded by the constitution."), *overruled on other grounds by Kastigar v. United States*, 406 U.S. 441 (1972). Of course, "the Government has an interest in detaining noncitizens who pose a flight risk or a danger to the community." *Bonilla Chicas*, 2026 WL 539475, at *11. But if Petitioner poses neither, then

3

restoring her liberty during the pendency of her removal proceedings would in no way diminish the Government's "power to admit or exclude aliens." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020). And yet, § 1225(b)'s mandatory detention provision requires that Petitioner—and, indeed, all applicants for admission—be detained irrespective of whether she poses a danger or flight risk. The Court recognizes that some applicants for admission may present such risks, and, in those cases, the mandatory detention provision would have correctly resulted in their detention throughout removal proceedings. But mandatorily detaining *every* applicant for admission—including Petitioner—without any hearing or other individualized assessment of whether they pose any risk that would outweigh their liberty interest creates "a very high risk of erroneous deprivation of liberty." *Bonilla Chicas*, 2026 WL 539475, at *11.

Based on the foregoing, Petitioner's due process rights have been violated, and that violation "cannot be mitigated through a post-deprivation hearing." *Bonilla Chicas*, 2026 WL 539475, at *11. Rather, "the need for an individualized determination of whether detention is warranted *at the time of arrest* is required to protect Petitioner's liberty interest." *Id.* In short, "the Due Process Clause of the Fifth Amendment guarantees [Petitioner] adequate notice of the intent to revoke [her] prior release, an individualized assessment of [her] flight risk and dangerousness, and an opportunity to respond at a hearing before [her] re-detention by ICE." *Bonilla Chicas*, 2026 WL 539475, at *11.

Turning to relief, in habeas cases where the Court finds detention unlawful, "the typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "In recent months, courts across the country have ordered the release of detainees in similar situations." *Ochoa*, 2026 WL 482211, at *4 (collecting cases).[2] The Court agrees, but because

---

[2] *See Sanchez*, 2026 WL 596133, at *8 (granting relief, post-*Buenrostro-Mendez*, in habeas case brought by petitioner who entered without inspection in 1996 and arrested and mandatorily detained for the

4

Respondents have already released Petitioner from custody, *see* Dkt. No. 11-1, no further action is necessary.

Based on the foregoing, the Court's Order (Dkt. No. 7) is **AMENDED** such that the Petition (Dkt. No. 1) is **GRANTED** on due process grounds, and Respondents' Motion for Reconsideration (Dkt. No. 10) is **DISMISSED AS MOOT**.

This Order is a **FINAL JUDGMENT**.

It is so **ORDERED**.

**SIGNED** on April ___15___, 2026.

ORLANDO L. GARCIA
United States District Judge

---

first time in 2025); *Hassen v. Noem*, No. 26-CV-48-DB, 2026 WL 446506, at *1–2 (W.D. Tex. Feb. 9, 2026) (citing *Vieira*, 806 F. Supp. 3d 690) (same, in habeas case brought by petitioner who initially presented at a port of entry, was placed in expedited removal proceedings and detained pending a credible fear interview, and was ultimately granted humanitarian parole under § 1182(d)(5)(A)); *Lopez-Arevelo*, 801 F. Supp. 3d at 674, 685–88 (granting habeas relief on procedural due process grounds to petitioner who had previously been detained upon entry and then paroled into the country); *Parada-Hernandez v. Johnson*, No. 25-CV-2729-K-BN, 2025 WL 3465958, at *1, 3–6 (N.D. Tex. Oct. 29, 2025) (same, in habeas case brought by petitioner who had previously been released under an ORR and finding that denial of a bond hearing based on application of § 1225(b)(2) violated procedural due process), *report and recommendation adopted*, No. 25-CV-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025); *Hernandez-Fernandez*, 2025 WL 2976923, at *1, 8–10 (same); *Ordonez-Lopez v. U.S. Dep't of Homeland Sec.*, No. 25-CV-470-KC, 2025 WL 3123828, at *1, 3–5 (W.D. Tex. Nov. 7, 2025) (same, in habeas case brought by petitioner who entered without inspection, was apprehended years later, applied for asylum, and then was paroled into the country); *Santiago v. Noem*, No. 25-CV-361-KC, 2025 WL 2792588, at *1, 6–14 (W.D. Tex. Oct. 2, 2025) (same, in habeas case brought by petitioner who had protection from deportation under DACA); *Vieira*, 806 F. Supp. 3d at 700–01 (same, in habeas case brought by petitioner who was apprehended upon entry and then released under an ORR); *see also Clemente Ceballos v. Garite*, No. 26-CV-312-DB, 2026 WL 446509, at *2 (W.D. Tex. Feb. 10, 2026) (finding due process violation as applied to alien who entered without inspection in 2004 and had never been paroled or otherwise released into the country by DHS prior to his first encounter with, and resulting detention by, ICE in 2026); *cf. Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (finding that mandatory detention under § 1226(c) violated due process as applied to alien whose detention pending removal had become unreasonably prolonged).